WELLINGTON WATSON *vs.* MARVIN HALL.

The statute (Gen. Statutes, tit. 20, ch. 12, sec. 23,) provides that "any grand-juror who, after he is sworn, shall neglect to make seasonable complaint of any crime committed within the town where he lives, which shall come to his knowledge, shall forfeit two dollars. A breach of the peace had been reported to a grandjuror, who, acting in good faith, and in the belief that the offence was too trivial for a criminal prosecution, declined to make complaint. Held that he was not liable to the penalty.
The statute must be construed as giving discretion to grandjurors in such cases.

QUI TAM COMPLAINT against the defendant as a grandjuror for a refusal to make complaint of a breach of the peace; brought upon the 23d section of the 12th chapter of the statute with regard to "crimes and criminal prosecutions."

The case was brought originally before a justice of the peace, and appealed by the plaintiff to the District Court for Litchfield County, and was by that court reserved, upon a finding of the facts, for the advice of this court. The facts are sufficiently stated in the opinion.

*J. S. Turrill,* for the plaintiff.

*C. B. Andrews* and *E. B. Kellogg,* for the defendant.

GRANGER, J.   The defendant was elected a grandjuror of the town of Kent on the first Monday of October, 1875, and took the oath of office in February, 1876.   On the evening of July 4th, 1876, an affray took place in Kent, between one Comstock and Wellington Watson, Jr., a son of the plaintiff. The case finds that Comstock committed a breach of the peace, and that the plaintiff procured a complaint to be drawn against him for the offense, and presented it to the defendant as a grandjuror, and requested him to sign it, and that he declined to sign it, and informed the plaintiff that he should not.   It is further found that the defendant is a farmer, sixty years of age, that he had never before been a grandjuror, and that he was wholly unacquainted with law and with the duties of the office; and that he acted in good faith and in the honest belief that the offense was not of sufficient magnitude to prosecute.

The question presented by the record is, whether the defendant is liable to the penalty provided under section 23, chapter 12, title 20, of the General Statutes.   This section provides that "any grandjuror who, after he is sworn, shall neglect to make seasonable complaint of any crime or misdemeanor committed within the town where he lives, which shall come to his knowledge, shall forfeit two dollars."

What is the fair and reasonable construction of this statute?   It is clearly a penal statute, and upon principle and elementary authority should receive a liberal construction in favor of the party accused.   Giving it such a construction, we think it clear, under the facts found, that the defendant ought not to be held liable in this action.

A grandjuror under our law and practice, it must be admitted, is invested with some discretion in the discharge of his duties. He is not a mere machine impelled by imperative law to act *sub periculo* in every trivial case, and under all circumstances, when it comes to his knowledge that an offense, however trifling in character, has been committed in his town. A reasonable and fair construction of the second and third sections of chapter thirteen of the same title of the statutes we think sustains this view. Section two provides that grand-jurors shall diligently inquire after, and make complaint of, all crimes and misdemeanors that shall come to their knowledge, and section three provides that grandjurors may require any person informing them of the commission of a crime to make information under oath, and may administer the witness's oath to him. We suppose under this last section that the grandjuror, having administered the oath, has a right to inquire of the person making the complaint as to all the facts and circumstances relating to the alleged offense; and having so inquired he has a right to judge as to the truthfulness of the witness, and the probability of his statement being established in court; and if he should be satisfied that the witness was unreliable and his statement improbable, and he thereupon in good faith, and in the honest belief that no offense had been committed, should neglect or decline to prosecute, he ought not to be held liable under this statute, although it should turn out that an offense had actually been committed.

But the plaintiff claims that, the court having found that an offense had been committed, namely, a breach of the peace, and that the defendant had knowledge of it, he was divested of all discretion in the matter and was bound to prosecute, no matter how trifling the affair may have been. In answer to this claim it is sufficient to say that the court finds that the defendant acted in good faith and in the honest belief that the offense committed was not of sufficient magnitude to prosecute. This we think is equivalent to finding that the defendant had no intention to neglect his duty, but that on the contrary he intended to discharge his duty, and believed that it was for the best interest of the community

that an affair of such small consequence should be passed unnoticed, so far as a public prosecution was concerned. It was at most but an error of judgment on the part of the defendant, and was not such an intentional neglect of duty as the statute contemplates, and was not in a strict legal sense a neglect at all, as we understand the meaning of that term as used in the statute under which the suit is brought. The ordinary meaning of the word "neglect" is an omission from carelessness to do something that can be done and that ought to be done. Now it cannot be said that the defendant through carelessness or inattention omitted to prosecute. He investigated the matter, and for aught that appears investigated it carefully, and after so doing came, as the court finds, to an honest conclusion that the best interest of the public required that the case should not be prosecuted, and we know of no rule of the common law that will subject a man to penalties for an honest error in judgment in regard to the discharge of a public duty, and we do not think this statute establishes any such rule.

We therefore advise the District Court to render judgment for the defendant.

In this opinion the other judges concurred.