ANNIE C. CUNNINGHAM *vs.* JOHN H. CUNNINGHAM.

Second Judicial District, Norwich, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action by a wife against her husband to force him to contribute
to her support, the plaintiff's needs are to be estimated as of the
day the suit was begun; but in making that estimate, and for the
purpose of ascertaining what would be a reasonable and necessary
allowance, the court may well take into consideration the actual
course of events since that date.

That the wife is supported, pending her suit, by her parents, and asks
no aid of the town, does not relieve the husband of his liability to
contribute to this expense.

The judgment in such a case is not inconsistent or erroneous, because
it requires a prescribed amount to be paid monthly thereafter, and
also awards a gross sum equal to that which would have been real-
ized from such monthly payments, had they been made since the
commencement of the action.

Evidence of the wife's mental or physical condition, which tends to
prove her inability to support herself at the time of bringing the
suit, is admissible.

Witnesses familiar with the wife and her circumstances of life, and with
the expenses of housekeeping, may testify what in their opinion
her board and clothing would fairly cost a year.

Evidence offered by the wife to prove the husband's ownership of real
estate when the suit was brought, and his subsequent conveyance
of the same, is relevant on the question of his financial ability.

Expert evidence of the value of real estate at the time of trial is suffi-
ciently relevant to its value at the commencement of the action—
five years before—to justify its admission.

A general objection to the admission in evidence of duly certified copies
of deeds, on the ground that they are irrelevant and immaterial,
does not present the point—which should have been specifically
taken—that the objecting party should have first been called upon
to produce the originals.

Argued April 29th—decided June 11th, 1902.

ACTION by a wife against her husband for an order of main-
tenance for herself and her infant child. The first trial was
reported in 72 Conn. 157. On the second trial, *Thayer, J.*,
she obtained judgment that he pay her $40 a month, begin-

ning from and after the institution of the action, and that execution issue monthly on the twentieth day of each month after the date of the judgment " for the amount of any payment or payments then unpaid." Appeal by defendant. *No error.*

*William H. Shields* and *Donald G. Perkins*, for the appellant (defendant).

*Solomon Lucas* and *Gardiner Greene*, for the appellee (plaintiff).

BALDWIN, J. It was determined by a former judgment of this court that the plaintiff had stated a good cause of action on the statute (Public Acts of 1893, p. 250, Chap. 88). *Cunningham* v. *Cunningham*, 72 Conn. 157. By an amendment, her complaint was afterwards made to claim the appropriate relief, and it has now been found true by the Superior Court. The following facts are also stated in the finding : The defendant paid her board to her mother, with whom she lived after he deserted her, until May 12th, 1896, when her child was born. Since then she and the child have been boarded and supported by her parents and an aunt. The aunt nursed her through her confinement, and has a suit pending against the defendant for compensation. The parents live in a tenement owned by the defendant until, pending this suit, he conveyed it to one of his bondsmen, for which no rent has been collected since the suit was brought. She has never asked aid from the town for herself or her child. No evidence was offered as to the financial ability of her parents. By reason of the advertisement published by the defendant, she has been unable to obtain any necessaries for herself or her child upon his credit.

None of these facts debarred her from the statutory remedy which she has pursued, nor do they show any error in the judgment.

The statute authorized the Superior Court to order the defendant to contribute to the plaintiff's support, from the

time of serving the complaint, such sum as might be reasonable and necessary, and to issue execution for it monthly. To ascertain what allowance was reasonable and necessary, the court was to look at the cause as if it had been heard on the day when it was instituted; but, in so doing, it had a right to regard the actual course of events since that day, so far as they might tend to show the proper amount. *Norwalk* v. *Blanchard*, 56 Conn. 461.

That the plaintiff's parents and aunt have supported her ever since she brought suit did not relieve the defendant from liability to contribute to this expense; nor is it of any consequence that she has never sought aid from the town. The statute authorized a wife who was poor and unable to support herself to bring a suit for a contribution towards her maintenance against any of her relatives who might be able to support her, and expressly included her husband in that class. She was left free to sue whom she would. The plaintiff chose to sue her husband alone. It is found that he was then worth $23,000, and it is not found that her parents have any property. He made no application to have them added as defendants. Under these circumstances it is to be presumed, in support of the judgment appealed from, that it correctly measures the contribution which he ought to make, whether that be for the whole or only part of the support needed on and after May 16th, 1896. It is found that she has been unable to live on his credit since he published the advertisement warning no one to trust her upon it, and she may have incurred obligations which she relies on this judgment to satisfy.

The first execution issued will be for collection of a large sum, but its magnitude results simply from the law's delays, which in this instance have been for the defendant's advantage, since he will have had the use of much of the money five years after the time when the judgment shows that he ought to have paid it.

The judgment is not inconsistent because the plaintiff at the same time is pronounced poor and granted an execution for $2,600. It is to be regarded precisely as a judgment for

Cunningham *v.* Cunningham.

a contribution of $40 a month would have been, if rendered one month after the suit was brought. The money is a contribution exclusively to future support; that is for support after the bringing of the action. At this date the rights of the parties were fixed. *Wethersfield* v. *Montague*, 3 Conn. 507, 508.

There is nothing in any of the objections taken to rulings on evidence.

The plaintiff was properly allowed to show that she was afflicted by melancholia during her pregnancy, and that it impaired her physical condition. It tended to show her inability to support herself when she brought her suit, which was a few days after the birth of her child.

Nor was there error in admitting proof of the fair value of the services rendered by her doctor and nurse during and after her confinement, and of medical attendance furnished for her child. While her needs were to be estimated as of May 16th, 1896, it would have been absurd, in making that estimate, to reject the aid of facts of subsequent occurrence. A woman shortly after childbirth, who had been a sufferer from melancholia, would naturally require nursing and medical care for herself and her child. But, how much, and at what cost? The delay of the hearing gave an opportunity as to these points to substitute knowledge for conjecture; and it was proper to take advantage of it. It was no ground of objection that the plaintiff's parents had paid the doctor, nor that the nurse had brought suit for her pay against the defendant. These facts raised questions to be settled elsewhere and between different parties. The objection made to all this evidence was general, and not confined to charges for services rendered before the plaintiff brought her suit. We need not inquire, therefore, as to what, had it been so confined, the ruling should have been.

So, testimony was properly received from witnesses familiar with the plaintiff and her circumstances of life and with the expenses of housekeeping, to show what in their opinion her board and clothing and that of her child would fairly cost a year. It was her first opportunity to prove these

Cunningham *v.* Cunningham.

facts, which were proper matters of opinion-evidence and relevant to the amount of the contribution to which she might be entitled.

Copies, certified by the town clerk, of recorded deeds to the defendant, of lands in Norwich, were admitted in connection with testimony that the defendant had stated that he owned such lands, notwithstanding an objection from his counsel that they were not proper evidence, and immaterial and irrelevant. If there had been a specific objection on the ground that the defendant had not been asked to produce the originals, a point would have been presented which we now have no occasion to decide. See *Samuels* v. *Borrowscale,* 104 Mass. 207, 209. The general objection taken did not raise it. This being so, there was no error in receiving the copies as *prima facie* evidence of the due execution as well as of the contents of the original deeds. *Kelsey* v. *Hanmer,* 18 Conn. 311. They tended to show the financial ability of the defendant, and on that the plaintiff's case depended.

A certified copy of a recorded deed from him to one of his bondsmen of all this real estate, executed pending the suit, was also properly admitted. It tended to show that he owned it when the suit was brought and so had then the financial ability alleged in the complaint. The expert evidence received as to the value of this real estate at the time of the trial had also sufficient relevancy to its value at the date of the writ to justify its admission.

There is no error.

In this opinion the other judges concurred.