## ELIZABETH S. LATHROP *vs.* EDWIN U. LATHROP.

Third Judicial District, New Haven, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Whether a husband is bound, under General Statutes, § 2499, to furnish that degree or measure of support to his wife to which she might be entitled by virtue of the marital contract, or only that which the public is obliged to provide for all who are in need, *quære.*

Whatever may be the standard of support required, no action is maintainable under the statute unless there has been "neglect to provide" such support by the husband prior to the commencement of the suit.

In the present case it appeared that the parties separated in June, and that the husband allowed and paid his wife $50 a month for her support thereafter, and told her that an additional sum would be forthcoming if necessary. It did not appear that such arrangement was objectionable to the wife, nor that the allowance was inadequate or unsatisfactory, until some months after the action was begun. *Held* that under these circumstances the action was not maintainable.

Argued January 19th—decided March 8th, 1906.

ACTION by a wife to compel her husband to contribute to her support, brought to the Superior Court in New Haven County and referred to a committee who heard and reported the facts; the court, *Case, J.,* accepted the report of the committee, found the statements of facts therein to be true, and rendered judgment for the plaintiff for $100 a month, from which the defendant appealed. *Error; judgment to be rendered for defendant.*

*Lucien F. Burpee,* for the appellant (defendant).

*John O'Neill,* for the appellee (plaintiff).

PRENTICE, J. This action is brought by a wife against her husband. It is brought under § 2499 of the General

Statutes, which provides that "when any person shall become poor and unable to support himself or herself and family, and shall have a husband, father or mother, grandfather or grandmother, children or grandchildren, who are able to provide such support, it shall be provided by them; and if they shall neglect to provide it, the selectmen of the town, or the wife of such husband, or any of such relatives, may bring a complaint therefor to the superior court . . . against such husband or any of such relatives able to provide; which court may order the defendant or defendants to contribute to such support," etc.

The complaint alleges, among other things, the defendant's neglect to support the plaintiff, and prays for an order requiring him to contribute thereto. The defendant in his answer denies the allegation of neglect, and also makes a special defense which we shall have no occasion to notice. The case was referred to a committee to hear and report the facts. A remonstrance was filed to the report. The remonstrance was overruled, the reported facts found, and judgment rendered thereon directing the defendant to contribute to the plaintiff's support the sum of $100 a month, being substantially one half of his income.

The first question which naturally presents itself, upon an examination of the statute and its history, relates to the nature of the support which is its subject-matter. Does it include that maintenance which a husband by virtue of the marital contract is bound, under the circumstances of the case, to provide for his wife, or is it limited to that measure of support which the public is under the statutory duty to provide for all who are in need? In the present case the committee set up and the court accepted, as the standard by which the defendant's alleged neglect was to be determined, that by which the law measures his marital duty of maintenance. He was found to have "neglected" to support the plaintiff, within the meaning of the statute, because he had not provided for her in a way suited to her station and his condition in life, and as she had been accustomed to live in their happier married days, and was ordered to contri-

bute to her such a sum as would give her that measure of support. It is unnecessary to inquire whether or not in so doing the scope and purpose of the statute was correctly understood. It may be assumed, without deciding, that it was, and that the support whose withholding is made the basis of the proceedings prescribed, and whose contribution may thereby be compelled, is that measure of support, whatever it be, which one person is under the obligation of providing for another sustaining one of the relations to him designated in the statute; since it is clear that, even so, the court erred in holding, upon the facts found, that there had been prior to the commencement of the action any neglect, within the meaning of the statute, on the defendant's part to provide that measure of support.

For the maintenance of an action under the statute, certain conduct on the part of the relative proceeded against must be shown. That conduct is described as " neglect to provide " support. Clearly the word " neglect," as thus used with respect to these coercive proceedings, imports something more than a mere omission—something more than a failure without fault. It imports an omission accompanied by some kind of culpability in the conduct of the party. The statute manifestly was designed to compel the unwilling, and not to constrain those who have acted and are disposed to act fairly and reasonably in the performance of their duty. *Watson* v. *Hall*, 46 Conn. 204.

The neglect which is made a condition precedent to a right of action is one which must antedate the action, or there can be no recovery. *Cunningham* v. *Cunningham*, 75 Conn. 64; *Dickerman* v. *New York, N. H. & H. R. Co.*, 72 id. 271; *Woodbridge* v. *Pratt & Whitney Co.*, 69 id. 304.

The facts found are, that on June 5th, 1903, the defendant notified the plaintiff that he had made up his mind they could not live together happily any longer, that he intended to break up housekeeping, that she might remain in their then home until July 1st, that he would then cease paying rent therefor, that she could then secure a tenement or flat,

or board, as she saw fit, that she might take such furniture as she wished, and that he would allow her $50 a month toward her support. He requested her to confer with his counsel as to terms of separation, and such conference she shortly had. She was then informed that she would be allowed $50 a month for her support, and an additional amount if it should become necessary. The plaintiff did not agree to accept these as definite terms of settlement, but she accepted counsel's check for $50 as the first monthly payment, and thereafter continued to do so until the following March, when other events which are made the subject of the special defense had intervened. The present action was instituted July 9th, 1903. It does not appear that the tentative arrangement proposed by counsel was not acceptable to the plaintiff as such, or that she objected to it, or then or thereafter before suit was begun represented to the defendant or his counsel that the allowance made was inadequate or unsatisfactory, or made a request for a larger one. There is nothing in the finding that puts the defendant in the attitude of refusing any request or demand made upon him, or of making a palpably inadequate provision, or of withholding what he had reasonable cause to believe was a reasonable and proper one. The committee in March, 1905, found in the light of events as they had transpired, that $100 a month from and after the institution of the action was a necessary and reasonable sum for the plaintiff's support in the manner in which she had been accustomed to live since her marriage. *Cunningham* v. *Cunningham*, 75 Conn. 64, 66. That such was the case at the time of the separation, or, if so, that the defendant had reasonable cause to know or believe that his provision of a less sum was inadequate, does not appear. From such a state of facts, the legal conclusion that there was on the defendant's part a neglect to provide a suitable support, within the meaning of the statute, cannot be drawn. The committee's report embodies facts succeeding the institution of the action. Doubtless it was upon these that the judgment was based. In so far as this is true there was, as we have seen, error.

There is error; the judgment is reversed and the cause remanded for the rendition of a judgment in favor of the defendant.

In this opinion the other judges concurred.