ALIDA E. BELDEN *vs.* CHARLES G. BELDEN.

Third Judicial District, Bridgeport, October Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

Chapter 22 of the Public Acts of 1907, concerning support by relatives, provides that a husband who neglects to provide his indigent wife with support, may be required by the Superior Court to contribute such sum as may be reasonable and necessary for that purpose. *Held:*—

1. That an offer by a husband to provide support for his indigent wife at his own home, where she had already suffered, and was likely to continue to suffer, such personal indignities, humiliations and abuse as to make her life there unendurable, was no defense to the husband in an action against him upon the statute; a proffer of support under such conditions being one that the law would not countenance or recognize.

2. That the trial court might well enquire of the defendant whether his expressed willingness to provide for his wife at his home was one which promised her any relief from her former intolerable situation.

3. That while the statute was not designed to secure to a wife the enforcement of her full marital rights of support and maintenance, but was intended to protect the public interest by preventing an indigent person from becoming a public charge, yet the measure of contribution it contempleted was not to be determined arbitrarily by the cost of pauper support, but with a due regard to all of the attendant circumstances, including the health, education, and condition in life of the indigent person.

Argued November 9th—decided December 17th, 1909.

ACTION by a wife to compel her husband to contribute a reasonable sum for her support, brought to and tried by the Superior Court in New Haven County, *George W. Wheeler, J.;* facts found and judgment rendered that the defendant contribute the sum of $30 a month from the date of the commencement of the action, and appeal by him. *No error.*

*Stiles Judson* and *Theodore E. Rogers,* for the appellant (defendant).

*William Kennedy,* for the appellee (plaintiff).

PRENTICE, J. The facts found establish beyond question that this plaintiff wife is, and since the commencement of the action has been, poor and unable to support herself. Do they also establish that the defendant, her husband, has neglected to provide for her support, within the intent and meaning of § 2499 of the General Statutes as amended by chapter 22 of the Public Acts of 1907, p. 599, under which the action is brought? This question and another, as to whether or not the amount of the allowance made was justified by the statute, are the two substantial questions presented by the appeal.

The defendant asserts that he has always been willing to provide for and support his wife at his home, that he is now willing to do so, and that her failure to enjoy this provision and support has resulted and now results from her own fault, in that she has been and is unwilling to remain a member of the household which he maintains. The record discloses that during the latter portion of the time when she continued to be a part of that household there was such disregard of her necessities, and she was subjected to such indignities, humiliating treatment, and personal abuse, that her life there was rendered unendurable. The story in its details is one which offends against all the decencies and proprieties of life between man and wife, and involves not only privation and physical hardship, but such offendings against that which a true woman holds most dear that no such woman could reasonably be asked to endure them. A proffer of support under such conditions is not one which the law countenances or recognizes.

*Condon* v. *Pomroy-Grace*, 73 Conn. 607, 48 Atl. 756, presented a case involving the duty of a child to support her parent, wherein conditions analogous in some ways to those in this case were under review as to their bearing upon the matter of support. It was contended on behalf of the defendant in that case, that a willingness on her part to furnish a support for the mother in the daughter's home, which

should be suitable and satisfactory as far as the mother's physical comfort and material surroundings were concerned, was sufficient to defeat proceedings under the statute. We said that this contention was not sound; that while the willingness of the daughter to provide for the mother in the daughter's home might have a bearing upon the determination of the latter's neglect, within the meaning of the statute, it was only one element, and not conclusive; that the law did not force a parent to become the unhappy prisoner of a thankless child as the only alternative of starvation; and that a house, however comfortable and luxurious as to its material appointments, where one is subjected to treatment which renders life unendurable, is not a suitable home even for an aged pauper. This language assumes added pertinence and emphasis where the situation is, as here, one in which not even the physical and material necessities of the dependent have the promise of being supplied, and where the relation between the parties is that of husband and wife, with its peculiar and sacred obligations.

The trial court, having the history of the plaintiff's past experience before it, attempted to discover from the defendant whether he held out any promise of any change from the former intolerable conditions, and satisfied itself that his expressed willingness to support his wife at his home. was one which held out no prospect of provision for her support under reasonable conditions. It was right in pursuing this line of most pertinent inquiry, and, having found as it did, in holding that the defendant had been and was failing to support his wife within the meaning of the statute.

The defendant is correct in his contention that the statute under which the proceedings were brought is one designed for the protection of the public interest, and not for the enforcement by a wife of her marital rights of support and maintenance. For the latter purpose other methods are provided. The statute, therefore, may not be resorted to

to compel a husband to provide a maintenance for his wife commensurate with his standing and means and the standard of living to which he may have accustomed her, or which is usual in the station in life in which he may have placed her. It seeks rather to secure, to persons unable to support themselves, a proper support, under the circumstances, through the medium of contribution from others, brought by statute under the duty of making that contribution by reason of some relationship, and thus to protect the public purse from demands upon it which would otherwise result. The measure of the contribution which may thus be required, even of a husband, is therefore one to be determined by the demands of a reasonably proper support, regardless of any common-law duty arising from any peculiar relations which the parties may sustain to each other, and is not to be determined by the extent of his ultimate duty resulting from such a relation.

It does not, however, by any means follow that the support which the statute contemplates is one to be arbitrarily determined by the ordinary cost of pauper support, and that it is not to be determined with a due regard to all the circumstances relating to the situation and needs of the dependent, including his health, education, refinement, condition in life, and the surroundings in which and the manner of life to which he has been habituated. Far from it. The statute contemplates a support which is a reasonably proper one under all the circumstances, as the support of an unfortunate which others are commanded to provide.

It is apparent from the record that the court was under a full appreciation of its duty, and of the limitations which the law imposed upon it, when it fixed the amount of the allowance in the plaintiff's favor. It is carefully found that this amount was one which, together with the slender resources at her command, would be sufficient with the practice of economy on her part to provide her reasonably with the necessaries of life and nothing more, and that it was not

an amount which would give to her that measure of support which befitted her station in life and that of her husband, which, it is added, the statute did not permit the court to provide. The rule which the court applied was the proper one, and we cannot say that its conclusion in the application of the rule to the situation before it was one which the facts did not warrant.

There is no error.

In this opinion the other judges concurred.