MARY KONIAK *vs.* STEPHEN KONIAK.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued October 15th—decided November 3d, 1937.

*William F. Healey,* for the appellant (defendant).

*Howard Daniel Olderman,* for the appellee (plaintiff).

HINMAN, J. Section 1717 of the General Statutes provides that "When any person shall become poor and unable to support himself or herself and family, and shall have a husband or wife, father or mother, grandfather or grandmother, children or grandchildren who are able to provide such support, it shall be provided by them" and that if they shall neglect to provide it they may be compelled to do so in an action brought by "the state agent, the selectmen of the town, the husband or wife or any of such relatives or the conservator of such poor person," to the Superior Court "of the county in which such poor person resides." This action was brought October 22d, 1936, by the plaintiff against her husband, under that statute, the complaint alleging that she is poor and unable to support herself, that the defendant has neglected for a long time to provide support for her, and that he has income and property and is able to support her.

Facts are found which support the conclusion that the defendant is financially able to provide such support and has neglected to do so; the questions upon this appeal relate to the further essential conclusion, and the finding of facts subordinate thereto, that the plaintiff "is poor and unable to support herself." The finding includes that on January 10th, 1934, the plaintiff gave her daughter Anna Zebrowski joint control of a savings-bank account previously standing in the plaintiff's name, and on October 29th, 1934, transferred it to the daughter's name solely, and that before the bringing of this action the daughter withdrew the entire deposit from one bank and deposited it in her name in another; that prior to this withdrawal the account amounted to $1815.99, but that $600 thereof consisted of proceeds of an insurance policy on the life of another daughter of the plaintiff who had deceased, which sum belonged to Anna Zebrowski who

had paid the premiums, but that the balance—$1215.99 —"while now standing in the name of Anna Zebrowski in fact is held by her in trust for the plaintiff and belongs to the plaintiff" and constitutes her entire estate.

The appellant seeks corrections to the effect that the entire amount of the deposit—$1815.99—is the prop-erty of the plaintiff, but this change, if made, would not alter the result as to the issue determinative of the appeal, nor would elimination of the finding that the plaintiff is in poor health and unable to work, which is attacked as without support from evidence. If, as is the principal claim of the appellant, a person having financial resources of her own which are available for her support is not "poor and unable to support herself" within the meaning of § 1717 of the General Statutes, disqualification to recover under the statute would result by reason of a bank account of $1200 as well as from one of $1800, and irrespective of competence to earn support for herself by personal services. The crucial question is one of statutory construction.

In 1699 the selectmen of towns were directed to make necessary provision for idiots and lunatics who were incapable of providing for themselves. 4 Col. Rec., p. 285. In 1715 it was provided that relatives, within the degrees named, of "such poor, impotent persons," being of sufficient ability, "shall relieve such poor persons" in such manner as the county court shall assess. 5 Col. Rec., p. 503. In the Revision of 1750 (Edition 1754, p. 90) the scope of the act was so broadened as to include, also, any persons who "shall by age, sickness, or otherwise become poor, and impotent, and unable to support or provide for themselves, and having no estate wherewithal they may be supported and maintained." The statute continued substantially in that form to and in the Revision of

1808 (p. 382). There and previously it was carried under the general title "Idiots" and entitled "An Act for relieving and ordering of Idiots, impotent, distracted, and idle persons." In the Revision of 1821 it was transferred to the title "Paupers" (p. 369) and the opening language was changed to "when any person shall, by age, sickness, insanity, or any cause, become poor, impotent and unable to support and provide for himself and family. . . ." In the course of subsequent revisions the language of the statute has been condensed and modernized. *Condon* v. *Pomroy-Grace,* 73 Conn. 607, 613, 48 Atl. 756. By Chapter 70 of the Public Acts of 1867, liability to support such a person was extended to the relation of husband, and to a wife in 1921 (Public Acts, Chap. 114).

In all of the revisions since that of 1821, this statute has been included in the chapter pertaining to support of paupers, and for a long time was followed, in the same act, by other sections providing for support of paupers by the towns. For example, in the Revision of 1821, the next section (two) of Chapter 1 of Title 73 provided that "All poor and impotent persons who have not estate sufficient for their support, and who have no relations of sufficient ability, who are obliged by law to support them, shall be provided for, and supported, at the expense of the town where they belong." Also, from the beginning, the selectmen have been among those authorized to bring proceedings under the statute. These considerations point to an intention that the persons to obtain relief for whom it is applicable are those to whom it would be the duty of the town or other public authority to furnish support if it is not furnished by relatives. It was said in *Belden* v. *Belden,* 82 Conn. 611, 613, 74 Atl. 896, in an action under the same statute, then § 2499 of the General Statutes of 1902, "The defendant is correct

in his contention that the statute under which the proceedings were brought is one designed for the protection of the public interests, and not for the enforcement by a wife of her marital rights of support and maintenance. For the latter purpose other methods are provided. . . . It seeks rather to secure, to persons unable to support themselves, a proper support, under the circumstances, through the medium of contribution from others, brought by statute under the duty of making that contribution by reason of some relationship, and thus protect the public purse from demands upon it which would otherwise result." See also *Bradley* v. *Fenn,* 103 Conn. 1, 4, 130 Atl. 126; *Cunningham* v. *Cunningham,* 75 Conn. 64, 52 Atl. 318; *Wethersfield* v. *Montague,* 3 Conn. 507, 511.

In a proceeding under this statute it is necessary for the plaintiff to meet its terms in order to lay a basis for recovery, although the same necessity may not exist in an equitable action by a wife against her husband to enforce her marital rights of support. *Smith* v. *Smith,* 114 Conn. 575, 578, 159 Atl. 489; *Artman* v. *Artman,* 111 Conn. 124, 128, 149 Atl. 246. Among these conditions precedent are, "neglect to provide" on the part of the relative proceeded against (*Lathrop* v. *Lathrop,* 78 Conn. 650, 652, 63 Atl. 514) and ability to do so (*Cunningham* v. *Cunningham,* supra, p. 68). Equally, the plaintiff must be "poor and unable to support herself" within the meaning of the statute; that is, her situation must be shown to be such that if support was not provided by designated relatives she would be entitled to receive it from the town or other responsible public authority. No person would be so entitled so long as he or she possessed or had presently available personal means reasonably sufficient for such support, and that, manifestly, is the present situation of this plaintiff as revealed by the

finding, even without the claimed corrections as to amount. Therefore a conclusion requisite to a recovery in this action lacks necessary support.

There is error; the case is remanded to the Superior Court with direction to enter judgment for the defendant.

In this opinion the other judges concurred.