LEON TULIN *v.* SAMUEL S. TULIN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued June 8th—decided July 12th, 1938.

*Thomas F. Gallivan, Jr.,* with whom was *David L. Goldberg,* for the appellant (defendant).

*Josiah H. Peck,* for the appellee (plaintiff).

AVERY, J. The plaintiff, a minor of the age of fourteen years and an inhabitant of Bloomfield, brought this action by his mother and next friend, to compel his paternal grandfather to contribute a reasonable sum for his support as provided by General Statutes, § 1717. After hearing, the trial court entered judgment for the plaintiff and the defendant has appealed. The material facts found by the trial court in which no material change can be made are these: The mother and father of the plaintiff are divorced. By the divorce judgment custody was granted to the mother with whom the plaintiff lives. She is thirty-five years of age and has never had steady employment. Her income from her earnings in 1937 was not over $300 and she had no income from outside sources. The plaintiff attends junior high school and is in good health except that he suffers from a mild form of asthma. His father lives at times with the defendant. The plaintiff's father has contributed nothing to the plaintiff's support for many years and the latter does not know his father by sight. No relative other than the defendant is financially able to contribute to the plaintiff's support. The defendant is the owner of real estate assessed for taxation in the city of Hartford in the list of 1937 for more than $300,000. The court further found that the expense of support for the

plaintiff is increasing as he grows older and that $12 a week is a reasonable contribution by the defendant for that purpose. The town of Bloomfield provides a maximum sum of $5.50 a week for the support of minors on relief, which includes all necessities except medical aid, and the sum of $5.50 a week is an amount determined and set by the state bureau of child welfare.

The defendant on this appeal contends that the plaintiff being an unemancipated minor is not a person "who has become poor and unable to support himself and family" within the meaning of General Statutes, § 1717, appended in the footnote.[1] The substance of the contention is that as the custody of an unemancipated minor is in his parents and his earnings belong to them, the claim for support of such a minor must be pursued through the parent who has the custody. The statute does not make such a distinction between the rights of an unemancipated minor and other people. The history and purpose of this legislation is set forth in *Condon* v. *Pomeroy-Grace,* 73 Conn. 607, 613, 48 Atl. 756. It seeks to secure, to persons unable to support themselves, a proper support, under the circumstances, through the medium of contribution from others, brought by statute under the duty of making that contribution by reason of some relationship, and thus to protect the public purse from demands upon it which would otherwise result.

[1] "When any person shall become poor and unable to support himself or herself and family, and shall have a husband or wife, father or mother, grandfather or grandmother, children or grandchildren who are able to provide such support, it shall be provided by them; and, if they shall neglect to provide it, the state agent, the selectmen of the town, the husband or wife or any of such relatives or the conservator of such poor person, may bring a complaint therefor to the superior court of the county in which such poor person resides, against such husband or wife or any of such relatives able to provide."

*Koniak* v. *Koniak*, 123 Conn. 338, 342, 195 Atl. 189; *Bradley* v. *Fenn*, 103 Conn. 1, 4, 130 Atl. 126; *Belden* v. *Belden*, 82 Conn. 611, 613, 74 Atl. 896. By its terms the statute gives a right of action to "any of such relatives" against "any such relatives able to provide" and in addition thereto the action may be brought by the state agent, selectmen, husband, wife or conservator. No exception is made in the case of minors. To bring the statute into operation it must be shown: (1) that the plaintiff is poor and unable to support himself; (2) that the relative made defendant is "able to provide"; and (3) has neglected to do so. When these conditions exist the statute imposes on any of the relatives mentioned therein the obligation to furnish to the poor relative a reasonable support.

Under our practice an action on behalf of a minor is properly brought by the minor by next friend. *Williams* v. *Cleaveland*, 76 Conn. 426, 432, 56 Atl. 850; *Cole* v. *Jerman*, 77 Conn. 374, 380, 59 Atl. 425. The present action was properly brought by the plaintiff by his mother as next friend. The plaintiff was not required to allege or prove that his father was unable to furnish support. The plaintiff must be one who has no presently available means reasonably sufficient for his support, and who if support is not provided by one of the designated relatives would be entitled to receive it from the town or other responsible public authorities. *Koniak* v. *Koniak*, supra. It was sufficient to entitle the plaintiff to relief against his grandfather that he had no means of his own, that his mother was not able to support him, and that his father had, in effect, abandoned him and failed wholly to provide any support.

The defendant contends that a "neglect to provide" on the part of the defendant antedating the action has

not been shown. Upon this point the facts which must be established in order to maintain an action are set forth in *Lathrop* v. *Lathrop,* 78 Conn. 650, 652, 63 Atl. 514: "For the maintenance of an action under the statute, certain conduct on the part of the relative proceeded against must be shown. That conduct is described as 'neglect to provide' support. Clearly the word 'neglect,' as thus used with respect to these coercive proceedings, imports something more than a mere omission—something more than a failure without fault. It imports an omission accompanied by some kind of culpability in the conduct of the party. The statute manifestly was designed to compel the unwilling, and not to constrain those who have acted and are disposed to act fairly and reasonably in the performance of their duty. *Watson* v. *Hall,* 46 Conn. 204. The neglect which is made a condition precedent to a right of action is one which must antedate the action, or there can be no recovery." *Smith* v. *Smith,* 114 Conn. 575, 579, 159 Atl. 489; *Cunningham* v. *Cunningham,* 75 Conn. 64, 66, 52 Atl. 318; *Dickerman* v. *New York, N. H. & H. R. Co.,* 72 Conn. 271, 276, 44 Atl. 228; *Woodbridge* v. *Pratt & Whitney Co.,* 69 Conn. 304, 334, 37 Atl. 688.

It appears from the finding that prior to November 1935, the plaintiff brought an action against the defendant demanding a contribution for support. The case was never tried, but was settled. The terms of settlement appear in letters exchanged between counsel for the parties which appear in the finding. This agreement provided that the defendant should pay plaintiff's mother $27.50 a month beginning January 1st, 1936, and continuing indefinitely, and the arrangement was "without prejudice to any action by either party in the future." In accordance with this agreement the defendant paid to the plaintiff's mother for

his support $27.50 per month up to and including June, 1937. The present action was commenced in February, 1937, before the payments had ceased. At that time the plaintiff was living with his mother and the defendant was making the payments regularly as agreed. There is nothing in the finding to show that at the time this action was instituted the defendant had been apprised that the amount which he was furnishing was not reasonably sufficient under the circumstances. It does not appear that any demand was made on him for a larger amount or that any facts were brought to his attention from which he could be charged with knowledge that the sum supplied was insufficient and inadequate. The case is quite similar to *Lathrop* v. *Lathrop,* supra. As the facts set forth in the finding do not establish a "neglect to provide" antedating the action as required for the maintenance of such an action, the case must go back for a new trial.

It remains to notice the claim of the defendant that the statutory requirement is met by an amount sufficient to provide the bare necessities of life ordinarily to be measured by the cost of a pauper's support. This is too narrow an interpretation of the statute. The amount is to be fixed with a due regard to all the circumstances of the situation including the health, education, refinement and condition of life to which the plaintiff has been habituated. "The statute contemplates a support which is a reasonably proper one under all the circumstances." *Belden* v. *Belden,* 82 Conn. 611, 614, 74 Atl. 896.

There is error and a new trial is ordered.

In this opinion the other judges concurred.