## Marie V. Decker v. Andrew W. Decker

Superior Court  Middlesex County  File No. 9799

Memorandum filed January 17, 1950.

*Schatz* and *Weinstein,* of Hartford, for the Plaintiff.

*James L. Glynn,* of Winsted, for the Defendant.

INGLIS, J. This is an action for support brought by a wife against her husband pursuant to General Statutes § 2610.

The parties were married on July 4, 1946, while the plaintiff was a patient at Cedarcrest Sanatorium. She remained a patient there until November and, upon her discharge, she took up her residence in Cromwell, where she continues to live. The parties have never lived together.

In August, while the plaintiff was still in the sanatorium, the defendant, without any justification, told her that their marriage was "all through," and a few days later wrote her a letter to the same effect. On December 7, 1946, the couple had dinner together in Hartford and upon the urging of the plaintiff that the defendant take her to his home in Winsted he started to do so. On the way, however, a quarrel developed for which the plaintiff was not to blame. The defendant changed his mind and took her back to her home in Cromwell. There he left her. Since then there has been no communication between them. It is concluded that the separation is at the fault of the defendant. The only substantial fault on the part of the plaintiff is that she was foolish enough to enter into such an ill-advised marriage in the first place.

The defendant at the present time has no capital assets except an undivided one-half interest in the dwelling house in which he lives with his daughter and her family in the town of Winchester. The other undivided one-half interest in that property he transferred to his son on December 6, 1946. Since the institution of this action, September 25, 1947, he has been steadily employed only part of the time. His total earnings during that

period, including unemployment compensation, amount to about $1800. At the present time he is unemployed, but recently has done some work as a carpenter's helper for which he has been paid at the rate of over $40 per week. He suffers from a hernia and at times from asthma but is capable of manual labor either as a carpenter's helper or at some kind of factory work. Taking into account the fact that it may be difficult for him in the future to obtain steady employment, he ought still to be able to earn an average of $20 per week.

The plaintiff has no assets and is unable to work. Ever since her discharge from the sanatorium she has been supported by her sister at a total cost of over $2000 and, in addition, has incurred medical and hospital bills of over $670. She is poor and unable to support herself.

In a case such as this the obligation of the defendant to provide support for his wife is limited to the amount which he can afford to pay. *Bradley* v. *Fenn,* 103 Conn. 1, 6; *Belden* v. *Belden,* 82 Conn. 611, 614. Upon all of the evidence it is found that the amount which he could have afforded to pay and therefore should have paid from the time of the commencement of this action to the present time is $600, and that for the future the amount which he should pay is $28 per month.

Judgment may enter ordering the defendant to pay the plaintiff for her support the sum of $600 forthwith and the sum of $28 on January 31, 1950, and on the last day of each calendar month thereafter, and that the plaintiff recover of the defendant her taxable costs.