[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff conservatrix of the person and the estate of Mildred Covello, ward, has brought this petition seeking an order of support for her ward directing the defendant, the ward's husband to pay an amount found reasonable and necessary for his wife's support. On September 18, 1997 this court held that46b-215(a) C.G.S. applied to this case (103). On October 29, CT Page 3393 1997 the court denied the defendant's motion to dismiss. An evidentiary contested hearing was held on January 29, 1998.
The court finds that the ward is unable to care for herself. Initially the conservatrix, who is the parties' daughter, planned to care for her mother at her home. The Greenwich Probate Court allowed $15,000.00 to be withdrawn from the estate to permit construction of an additional room for the ward. The work was done.
The ward's condition required removal to Arden Courts, Farmington, Connecticut, at a monthly charge of $4,050.00.
The ward's estate consists of an undivided one-half interest in the marital home that Mr. and Mrs. Covello had occupied for 42 years. The inventory filed with the Probate Court lists a fair market value of $400,000.00 for the property. There are no encumbrances. There are no liquid assets in the estate inventory, but the plaintiff's affidavit filed in this case lists cash accounts of $4,479 and a 1987 Buick valued at $1,800.00. At trial, another account at Bear Stearns was acknowledged by the conservatrix. It contains about $3,200.00.
The defendant, 81, is in poor health, testifying to having cancer in both lungs and an arythymic heart. At the time of hearing, the defendant was receiving weekly chemotherapy treatment. He is a retired electrician receiving a $6,200 yearly consulting fee, monthly social security, and monthly interest and dividend income of $539.00. Their 1996 Federal Form 1040 joint return lists adjusted gross income of $22,814.00 with no income tax due (Plaintiff's Exhibit #3). His financial affidavit lists liquid assets of $125,760.00. His monthly expenses total $1,491 incurred to maintain himself, his auto and the home. He has a GMNA with Vanguard valued at $30,000 but not listed on his affidavit.
The statute cited provides:
 "The Superior Court . . . shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to his . . . spouse. . . . according to his . . . ability to furnish such support . . ." (emphasis added)
The statute is designed for the protection of the public interest and not for the enforcement by a wife of her marital CT Page 3394 rights of support, Belden v. Belden, 82 Conn. 611, 613 (1909). The statute is to protect the public purse, Id., p. 614.
In this case the defendant's obligation is limited to the amount he can afford to pay, Decker v. Decker, 16 Conn. Sup. 465
(1950). That need should not be determined at the present time.
Since the ward has an estate exceeding $200,000.00 the court, therefore, is unable to find what "necessary support" is needed from the defendant under the circumstances. The plaintiff must first utilize the available assets in the ward's estate. The petition is denied.
HARRIGAN, J.