---

Clark et al. v. Turner.

---

Error assigned — That the defendant was summoned to appear on the 30th October A. D. 1790.

Judgment — Manifest error; for the word next has relation to the month, which would be October twelve months from the date of the writ.

## SMITH V. BELLAMY.

The facts put in issue, must be found explicitly, to be true or not.

ERROR to reverse a judgment of the City Court, in an action brought by Smith against Bellamy, in which a special issue was joined to the court; and the court gave judgment, that having heard, etc. and considered, etc. do find the issue in favor of the defendant.

Error assigned — That said City Court have not found the facts put in issue.

Judgment — Manifest error.

By the COURT. The facts put in issue by the pleadings must be found directly for or against him that affirms them.

## CLARK ET AL. V. TURNER.

An information for an assault and battery and breach of the peace by a common person, without joining the public, is no more than a civil process and the same notice must be given.

ERROR to reverse a judgment of a justice. Turner complained of Clark, etc. to said justice in his own name for a breach of the peace, in assaulting and beating him; upon which a *capias* issued and the Clarks were arrested and had forthwith before the justice; where they plead a special plea — which was overruled and judgment against them, for forty shillings damage and cost.

Errors assigned.— 1st. That said prosecution was illegal, the public not being joined in it. 2d. That it was only a civil suit and required six days' notice. 3d. That said Samuel Jr. was a minor and plead by an attorney.

Judgment — Manifest error, upon all three of the exceptions.