## THOMAS W. PALMER *vs.* GIDEON P. CHESEBORO, CONSERVATOR.

NEW LONDON CO., OCT. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, JS.

The act of 1885 (Session Laws of 1885, ch. 110, secs. 81, 84,) provides that conservators shall "have the charge of" and "manage" the estates of their wards. Held that under this statute conservators have power to make leases for a reasonable time of the real estate of their wards.

A conservator having made such a lease can recover possession of the premises on the expiration of the term in his own name as conservator.

The defendant was in possession under the license of a former conservator on the first day of April. The present conservator allowed him to remain without any contract as to rent until October, when an agreement was made fixing the rent for the whole year from the first of April preceding to the first of April the next year. Held to be the same in all respects as if the conservator had made the lease at the beginning of the year. And that the lease could properly be declared on as then made.

[Argued October 20th—decided December 17th, 1886.]

WRIT OF ERROR to reverse a judgment of a justice of the peace in a proceeding of summary process to recover possession of leased premises; brought to the Court of Common Pleas of New London County, and heard in that court before *Mather, J.* Judgment affirmed and appeal by the plaintiff in error to this court. The case is sufficiently stated in the opinion.

*A. P. Tanner*, for the appellant.

*S. Lucas* and *A. B. Crafts*, for the appellee.

PARK, C. J.   This is a writ of error from a judgment of a justice of the peace in an action of summary process to recover possession of leased premises. The suit was brought by the defendant in error as conservator of Emeline P. Stanton, to whom the premises in question belong. The conservator brought the suit as lessor of the premises under a lease made by him as conservator to Palmer, the defendant in that suit and the present plaintiff in error.

The principal point made in the case by the plaintiff in error is, that the conservator had no power to make a lease of the real estate of his ward without obtaining authority from the court of probate, and he relies upon the case of *Treat* v. *Peck*, 5 Conn., 280, as supporting his claim.

When that case was decided the statute with regard to conservators gave them authority only "to take care of and oversee" the estates of their wards, and the court held that this did not give them authority to lease the estates of their wards from year to year. But the present statute gives larger authority to conservators. The act of 1885, which governs this case, provides in one section that conservators "shall have the charge of," and in another that they "shall manage," the estates of their wards. Session Laws of 1885, ch. 110, secs. 81, 84.

This is precisely the authority conferred upon guardians appointed by courts of probate, and it is so clearly their duty to make advantageous leases of the real estate of their wards that a guardian would undoubtedly be liable on his bond if he should suffer the estate of his ward to lie idle and unimproved when a good tenant could with reasonable effort be procured. And there is no reason why the same rule should not be applied to a conservator. Webster defines the word "manage" as meaning "to conduct; to carry on; to direct the concerns of; as to manage a farm or to manage the affairs of a family."

We think the leasing of a ward's estate, when that is the best use to be made of it, to be a very important part of the management of his property.

We do not intend to go further in this case than its exigencies require; and all that we decide is that the act of 1885 confers upon conservators the authority, by virtue of their appointment, to lease the premises of their wards for a reasonable time in view of all the circumstances.

This was all that was in fact done by the conservator in the present case. Any restriction of a conservator's authority within narrower limits might seriously embarrass the management of the estates of the wards and deprive them of a reasonable return from their property.

It appears by the finding that on the first day of April, 1885, the plaintiff in error was in occupancy of the premises by permission of a former conservator. The defendant in error was conservator from that time and permitted him to remain in possession without any special contract until the 31st day of October of the same year, when the parties made an agreement for the occupancy by the plaintiff in error for the entire year from the first day of the previous April to the first day of April of the year following, for a rent of $175, of which the plaintiff in error paid the conservator one half and agreed to pay the other half at the end of the term; and that the plaintiff in error remained in possession until the first day of April following, when he paid the conservator the remaining half of the agreed rent.

It is very clear that the relation of the parties as lessor and lessee cannot be at all affected by the fact that the lease was not made until the middle of the year. A lease could just as well be made to cover the part of the year already expired as the unexpired part. And the lease thus made could properly be declared on as a lease made on the first day of April, 1885, as the date was a matter of no importance.

Of course if the conservator had the right to lease the premises, it follows that he had the right as conservator to recover the possession of them at the expiration of the lease,

and could in his own name as conservator bring an action of summary process for the purpose.

Several technical objections are made as to which there is clearly no error in the rulings of the justice court and which are not of sufficient importance to be discussed.

There is no error in the judgment complained of.

In this opinion the other judges concurred.