EDWARD F. COLE, GUARDIAN, *vs.* WILLIAM W. JERMAN (SUCCEEDED BY HARRIET A. JERMAN, ADMRX. *C. T. A.*)

Third Judicial District, Bridgeport, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Upon the settlement of an estate the statutory right (§ 362) of an administrator to the possession of the real estate ceases.

Having obtained an order of the Court of Probate to sell all the real estate of a testator to pay his debts, the executor sold a portion only, but enough for that purpose, and made return of such sale in his final administration account, which was accepted by the court, thereby completing the settlement of the estate. *Held* that the order having accomplished its object was no longer in force, and that a purchaser of the rest of the land, who, three years later, took an executor's deed which referred to such order, acquired no title.

An order of sale, based on an application to sell land to pay debts, does not authorize an exchange of lands for the personal benefit of the executor.

The law of this State relating to the appointment, powers and duties of guardians, briefly reviewed.

A guardian of the estate of a resident minor may maintain a suit in his official capacity to recover the possession of the land of his ward, together with the rents and profits of which, as such guardian, he has been wrongfully deprived.

As incidental relief in such an action, the guardian may ask and the trial court may properly grant an injunction restraining the de-

fendant from transferring the property, if the circumstances require it.

This court may but is not bound to consider errors apparent upon the record which are not specified in the reasons of appeal. Such an error ought not, however, to be considered when the judgment is substantially just.

Many of the special rules governing the action of ejectment at common law are no longer in force under our practice.

Under existing procedure, causes of action, whether legal or equitable, and whatever their nature, are stated in one form of complaint; and judgment may be rendered for the relief demanded upon any right of action which the facts alleged in the complaint are sufficient in law to support.

Argued October 25th—decided December 16th, 1904.

ACTION to obtain a conveyance and possession of certain real estate, together with the rents and profits thereof, and also an injunction, brought to and tried by the Superior Court in New Haven County, *Thayer, J.;* judgment for the plaintiff, and appeal by the defendant. *No error.*

*John O'Neill,* for the appellant (defendant).

*Edward F. Cole,* for the appellee (plaintiff).

HAMERSLEY, J. Bertha B. Forest is the sole heir at law of her mother, Almira A. Forest, as well as the sole devisee and legatee of all her estate under her last will and testament. Mrs. Forest died July 1st, 1895, and at the time of her death owned and was seized and possessed of the land described in the complaint. Bertha, at the time of her mother's death and until after the bringing of this suit, was a minor. Mrs. Forest's will named no executor, and her husband, Belmont G. Forest, was appointed administrator with the will annexed. The estate was settled as a solvent estate, and on February 20th, 1896, the administrator filed his final account, showing that all the debts of the testatrix and expenses of administration had been paid, and that there remained in the hands of the administrator $230.44, which belonged to the sole legatee. This account was duly ap-

proved and accepted by the Court of Probate, and thereupon the estate became settled, and this settlement has never since been opened for any purpose. Upon the settlement of the estate the statutory right of the administrator to possession of the real estate of the testatrix ceased, and from that time the guardian of the estate of Bertha has been entitled to possession, as guardian, of the land described in the complaint, and bound as guardian to obtain the proceeds of the use and improvements thereof and apply the same for the benefit of his ward in her support and education or otherwise. From about February 1st, 1899, to the commencement of this action, William W. Jerman was in possession of the land mentioned, appropriating to himself the profits thereof without accounting to the guardian of Bertha, or to any one. Edward F. Cole was duly appointed guardian of the estate of Bertha, November 27th, 1901, and brought this action, as guardian, against Jerman as defendant, June 30th, 1903.

The complaint alleges in detail the foregoing and other facts deemed appropriate to support the plaintiff's prayer for relief, which, with other relief, prays for possession of the land, damages for its use and occupation, and an injunction against the defendant's transferring or conveying the land. After the commencement of the action and before an answer or other pleading had been filed, the defendant died. On October 23d, 1903, in pursuance of a stipulation by counsel for plaintiff and defendant, Harriet A. Jerman, administratrix of the estate of William W. Jerman, entered to defend said case; the attorney of record for William W. Jerman remaining attorney for the defendant throughout the trial. After said entry the following answer was filed : "The allegations in the complaint are denied. The defendant, by John O'Neill, her attorney." The cause was tried upon the issues of fact thus framed. The court found all the allegations of the complaint to be true; that the reasonable value of the use of the land by William W. Jerman was $200, and rendered judgment ordering the defendant to deliver possession of the premises to the plaintiff and pay the plaintiff

$200 damages and costs of suit, and also ordering that the defendant be enjoined from conveying or transferring the land.

Upon the trial the defendant claimed that upon the facts alleged and proved the plaintiff was not entitled to a judgment, specifying in support of this claim a number of claims of law as applicable to the facts. The alleged error of the court in overruling this claim, especially in view of its finding of facts, is the only question raised by this appeal. All the material grounds urged by the defendant in support of his contention are comprised in three propositions, namely: (1) William W. Jerman was lawfully in possession of the land as owner; (2) the action could not be maintained in the name of the guardian; (3) the order for injunction was illegal.

William W. Jerman was not owner of the land in question. That claim is based upon the following facts and transaction, as alleged by the complaint and found by the court: During the settlement of the estate the administrator represented to the Court of Probate that the personal estate was insufficient to pay the debts, and asked for an order of sale for that purpose, directing him to sell the whole or a part of the real estate as the court might deem for the good of the estate. The court made an order of sale on September 24th, 1895, directing the administrator to sell the whole of the real estate and make return to the court. Pursuant to this order the administrator sold a part of the real estate, being land other than that described in the complaint, for a sum more than sufficient, with the personal estate, to satisfy all debts and charges of administration, and made return to that effect to the Court of Probate, which approved, accepted and recorded said return. The return was made and accepted on the same day that the administrator filed his final administration account, and the receipt of the proceeds of the sale of land and its application were shown by that account. This execution of the order of sale was approved by the acceptance of the return and the administration account. About three years after this, William W. Jerman

and Belmont G. Forest made an agreement for an exchange of lands, in pursuance of which Jerman conveyed to Forest a farm then belonging to Jerman, and in exchange for this Forest conveyed a piece of land then belonging to him to Jerman, and also gave to him an administrator's deed of the piece of land described in the complaint. No price is fixed for the land described in this deed, and no consideration is stated in the deed as having passed from Jerman to Forest as administrator. The deed purports to be made in pursuance of the order of sale of September 24th, 1895, and refers to the records of the Court of Probate relating to said order as showing authority to make the deed.

The trial court correctly held that Jerman acquired no title or right to the land mentioned in this administrator's deed. Upon the settlement and acceptance of the administrator's account, the settlement of Mrs. Forest's estate was completed. Her daughter being sole legatee and devisee, the court had neither occasion nor authority to proceed with a distribution of the estate. The records of the Court of Probate, to which Jerman was referred by the deed which he accepted, showed that the order of sale mentioned did not, after its execution as accepted by the court and settlement of Mrs. Forest's estate, authorize a sale of the land described ; and even if the order of sale could be held to have continued in force, it clearly did not authorize the exchange of lands which took place.

The action was properly brought in the name of the guardian. The authority and duties of the guardian of the estate of a minor are determined mainly by the common law of this State. The exact distinctions between the different kinds of guardianship existing under the English law at the time the jurisdiction of Connecticut was first established, were never adopted here. In the beginning the General Court assumed the power of appointing guardians for the person and estate of minors. This power, apparently, was exercised through the Particular Court, and later was committed in part to the County Courts. In 1698 the County Courts were given full power to act as probate or prerogative

courts, including the "appointing and allowing of guardians."
4 Col. Rec., p. 268. This appears to be the first special
mention of the appointment of guardians to be found in our
records. In 1699 (4 Col. Rec., p. 306) an Act was passed
regulating the administration of estates of deceased persons.
By this Act the law of distribution and descent was estab-
lished on lines which have since been followed, substantially
ignoring any distinction between real and personal prop-
erty in descent and distribution. The Act also stated more
in detail the power formerly given the county court of
probate in the appointment of guardians, that is, the court
shall have power, as occasion may arise, to allow of guardians
chosen by minors fourteen years of age, and to appoint
guardians for such as may be within that age, taking suf-
ficient bond for the faithful discharge of their trust, and for
an accounting to the court or minor, when such minor shall
arrive at full age, or at such other time as the court shall see
cause (p. 310). Subsequently the probate or prerogative
jurisdiction was given to the several courts of probate for each
district of one or more towns, to be exercised in the manner
now existing. Rev. 1750, p. 33. While the power of the
Court of Probate to appoint guardians is derived only from
statute, the appointment of guardians of the estate of minors
—as an exercise of judicial power—is recognized by our
common law, and this judicially appointed guardian is the
only guardian to the estate of minors known to our statute
or common law. No statute has ever attempted to define
the powers and duties belonging to such guardian, unless in
the single instance of a nonresident minor owning property
situate within this State. The powers and duties arising
from the relation of guardian to minor ward exist by force of
our common law, and may include powers necessary to that
relation as recognized by the Roman law, whose principles,
as affecting the *tutor* or *curator*, our courts have acknowledged
as illustrative of this relation which we have indirectly
derived from that law; they may also include the powers be-
longing to the different kinds of guardian existing under the
English law, which are all represented, so far as applicable

to our circumstances, by our judicially appointed guardian, and may be indicated by the necessary effects upon that relation of the legislation for the more convenient exercise of a guardian's power or performance of his duties, and of certain legislation changing the substantive law and law of procedure. It is sufficient for the purposes of this case, that under our common law the guardian of a resident minor's estate has the control and management of the whole estate, real and personal, is bound to take and hold the income and proceeds of that estate and apply the same to the bene-. fit of the minor in his support and education, or otherwise, and for this purpose may take possession of the real estate, may obtain and hold the profits thereof, and may lease the same for a reasonable time; and for due execution of these powers he is responsible to the minor and to the court. Reeve's Dom. Rel., pp. 311–337; *Penfield* v. *Savage*, 2 Conn. 386; *Welles* v. *Cowles*, 4 id. 182, 189; *Hutchins* v. *Johnson*, 12 id. 376, 381; *Palmer* v. *Cheseboro*, 55 id. 114, 115.

In the present case the plaintiff, as guardian, had a right to the possession of the land occupied by the original defendant, and a right to the profits thereof; it was his right and duty as guardian to make demand of the defendant for possession, as he did, and compensation for the profitable occupation which the defendant had enjoyed, and which he was entitled to receive, hold and use as guardian. We can see no substantial reason why he might not, as guardian, bring his action to enforce these rights against the defendant. The defendant, in withholding possession and compensation for the use of the land, invaded the rights of the plaintiff as guardian, and should be liable therefor in an action brought by him as guardian. It is true that the disability of a minor does not prevent his seeking in court protection for his rights, and that when he commences an action for this purpose he must follow the form of suing by his guardian or next friend, and that his guardian cannot prevent him from commencing such an action. *Williams* v. *Cleaveland*, 76 Conn. 426. But it does not follow from this that all actions which a guardian may find it necessary

to bring in the management and for the protection of the estate in his hands, and for the due execution of his trust, must be commenced in the name of the minor. There must be some substantial reason to prevent a guardian from enforcing, as guardian, rights which belong to him as guardian; and such reason may exist when the object of the action can only be secured by a judgment which confirms or vests a legal title or interest in the minor. In this case the object of the action and effect of the judgment is to confirm and vest in the plaintiff, as guardian, the interest belonging to him as guardian, namely, the right during guardianship to possession of the land and to receive and use the profits thereof. In most States the distinction between actions which may be brought by a guardian in his own name as guardian, and those which must be brought in the name of the minor, is affected so largely by statutory regulations that the decisions on the subject can hardly be said to affirm a general, controlling principle. We think these decisions, so far as applicable to the conditions of our law, are consistent with the view we have taken.

The claim for an injunction against Jerman, the original defendant, is not illegal. The injunction is not asked as principal relief. The prinicpal relief granted is the order compelling the defendant to surrender to the plaintiff possession of the land, and to pay over to him the profits thereof, to which, as guardian, he is entitled. The right of action in the plaintiff, arising upon the facts and circumstances as found, depends upon the relation of guardian and ward, by which, although title to the land remains in the minor, possession thereof during guardianship belongs to the plaintiff, and the action is of an equitable nature. In proving his rights as against the defendant, the plaintiff incidentally proves the title of his ward, and this fact is by the judgment made conclusive as between the plaintiff and defendant. Plainly the defendant should not be permitted to evade the conclusiveness of the judgment by a subsequent conveyance or transfer of the land to a third party; and an order forbidding such evasion may be necessary to

complete the plaintiff's remedy, and, when necessary, is not unlawful.    The court has found the necessity.

. Another question is suggested by the record, namely : as an injunction against the original defendant is by reason of his death inoperative, is an injunction against the present defendant, who has voluntarily entered to defend the case, wholly unnecessary?   If it is, the defendant is not injured, and at most could claim only a reversal of that part of the judgment.   It would seem clear that no question of this kind was raised upon the trial, nor is it specifically assigned as a reason of appeal, nor urged in argument.   We think, therefore, it need not be considered.

This is not an action commenced against the administrator of Jerman's estate.   The defendant voluntarily entered to defend, as defendant, the case commenced against Jerman. She cannot now question the regularity of such proceeding nor complain of the form of judgment running against "the defendant."   The only substantial question at issue between the plaintiff and defendant, namely, the plaintiff's right as guardian to the possession of the land and damages for the use thereof, has been, by voluntary submission of the parties, correctly determined by the court.   Merely technical objections to the manner of stating the cause of action were waived .in pleading a general denial, and the parties as described have voluntarily, as plaintiff and defendant, submitted the substantial controversy between them to the jurisdiction and judgment of the court.   The judgment runs against the defendant, that is, the person who voluntarily entered to defend the cause arising upon the facts stated in the complaint, and who is the only defendant.   The judgment follows the defendant's submission, and there is no error in this unless there is error in the irregular appearance of the defendant and the record of that appearance authorized by her.   If such error is claimed, the defendant cannot insist upon its determination upon this appeal, as no such error is assigned in the reasons of appeal.   The court may of its own motion consider such an error apparent on the face of the record, but is not bound to do this, and such

error ought not to be considered when the judgment is substantially just.

Much of the argument urged in support of the defendant's main contention seems to assume that this complaint is a declaration in an action of ejectment, to be governed by rules regulating the statement of causes of action peculiar to the common-law system of pleading, which has been abolished; argument based on such assumption has no pertinence. Under existing procedure, causes of action, whether legal or equitable, and whatever their nature, are stated in one form of complaint, and judgment may be rendered for the relief demanded upon any right of action which the facts alleged in the complaint are sufficient in law to support. *Morehouse* v. *Throckmorton*, 72 Conn. 449, 450; *Dunnett* v. *Thornton*, 73 id. 1, 16; *Knapp* v. *Walker*, ibid. 459, 461.

Nor is there pertinence in so much of the defendant's argument as assumes that the ancient law in respect to the survival of causes of action, and the abatement of actions, is still in force. Under existing statutes "no cause or right of action shall be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of such deceased person," and "no civil action or proceeding shall abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of such decedent." Public Acts of 1903, p. 149, Chap. 193.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.