'Argued January 7, affirmed February 1, rehearing denied March 1, 1921.

# SIMMONS *v.* ZARTHAS.

### (195 Pac. 157.)

**Appeal and Error—Certificate That Bill of Exceptions Contains All Evidence Offered Held Insufficient.**

1. A certificate that a bill of exceptions contains "all the evidence offered by the plaintiff" is insufficient, in that it does not negative the fact that the defendant, may have offered evidence on which the verdict was based.

**Landlord and Tenant—One Claiming Under Lessees cannot Deny Lessor's Right to Possession on Expiration of Lease.**

2. Where a lease has expired, one claiming under lessees cannot deny lessor's right to possession, since his rights are no greater than lessees'.

**Landlord and Tenant—Evidence Held to Show Lessor Entitled to Possession of Premises.**

3. In forcible entry and detainer by a lessor against one claiming under lessees, evidence *held* to show plaintiff entitled to possession.

**Landlord and Tenant—Description of Property in Forcible Entry Sufficient.**

4. In action in forcible entry and detainer, a description of property as "approximately sixty acres of land and buildings thereon situate about one mile in a northwesterly direction from" a town on a named road, and known as the S. farm, *held* to be a description "with convenient certainty," as required by Section 2535, Or. L., where the farm had been known by such name for 40 years.

**Guardian and Ward—Guardian may Sue in Forcible Entry and Detainer for Possession.**

5. In view of Sections 1319, 1321, Or. L., where a guardian of an incompetent is vested with the right to possession of land, he may sue in his own name on behalf of the ward in forcible entry and detainer, since the right is one belonging to the guardian; the action being purely possessory.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 1.

This is an action of forcible entry and detainer brought by "H. S. Simmons, guardian of the estate of Eva J. Simmons, an incompetent," as plaintiff, against Alex Zarthas as defendant. The action was

begun on February 3, 1920, in the District Court for Multnomah County where, after a trial, the plaintiff obtained a judgment for restitution of the land. The defendant appealed to the Circuit Court, where, after trial by jury, the plaintiff for the second time secured a judgment for restitution of the premises; and thereupon the defendant again appealed, bringing the controversy to this court.    AFFIRMED.

For appellant there was a brief over the names of *Mr. J. F. Shelton, Mr. Roscoe P. Hurst,* and *Mr. G. E. Hamaker,* with an oral argument by *Mr. Shelton.*

For respondent there was a brief over the names of *Mr. Arthur I. Moulton* and *Messrs. Manning & Beckman,* with an oral argument by *Mr. Moulton.*

HARRIS, J.—The only points urged by the defendant in his printed brief are: (1) That there is insufficient evidence to show that plaintiff, either as guardian or as individual, is entitled to possession; and (2) that the complaint does not state sufficient facts to constitute a cause of action, because (a) the description of the property is insufficient for identification, and (b) it discloses upon its face that the plaintiff is not the real party in interest.

It is very doubtful whether, in view of the form of the certificate attached to the bill of exceptions, the defendant can assert that the trial court erred in denying the defendant's motion for a nonsuit. It is the theory of the defendant that there was "no evidence of any kind which tends to show that any person is the owner of said property." After reciting the evidence given by the plaintiff, some objections by the defendant, and the rulings of the court on such

objections, the bill of exceptions concludes with a certificate which reads as follows:

"The foregoing bill of exceptions which contains all of the proceedings in the above-entitled cause and all of the evidence offered by the plaintiff showing or tending to show the right of the plaintiff to possession of said property and the description of said property in question was duly presented to the court on the 28th day of June, 1920, and is settled and signed this —— day of June, 1920."

1. The record presented to us shows that there were some proceedings besides those related in the "foregoing bill of exceptions." The bill of exceptions does not pretend to state what was done, or whether anything was done after the court overruled the motion for a nonsuit; and therefore the language, "contains all of the proceedings in the above-entitled cause," is probably not to be taken as literally true. If, moreover, the word "proceedings" was not designed to include evidence, then it is manifest that the certificate is insufficient to enable the defendant to raise any question concerning the ruling on the motion for a nonsuit, for the certificate does no more than to state that the following bill of exceptions contains "all of the evidence offered by the plaintiff." There may have been evidence offered by the defendant "showing or tending to show the right of the plaintiff to possession, and consequently, if the certificate is construed to mean that the bill of exceptions contains only the "evidence offered by the plaintiff," it would, in its present form, be insufficient because it does not negative the fact that the defendant may have offered evidence upon which the verdict was based: *Ausplund* v. *Aetna Indemnity Co.*, 47 Or. 10, 23 (81 Pac. 577, 82 Pac. 12). Although the certificate may be ambiguous and there may be

room for debate as to the proper construction to be placed upon it, we shall assume, for the purposes of the discussion, that the bill of exceptions contains all the evidence offered at the trial.

2, 3. It was admitted at the trial that H. S. Simmons was the guardian of the person and estate of Eva J. Simmons, his mother. On January 4, 1917, "H. S. Simmons, guardian" by an instrument in writing leased "approximately sixty (60) acres of land and buildings thereon, situate about one mile in a northwesterly direction from St. Johns, Oregon, on the Simmons Road and known as the 'Simmons Farm,' " to George A. Mamadras and Gus Lampros for the term of one year from February 1, 1917, "with option of two years' extension." The written lease is signed "H. S. Simmons, Guardian"; and nowhere in the writing is the name of Eva J. Simmons mentioned. There is nothing in the lease to indicate the name of the person of whom H. S. Simmons is the guardian. At the expiration of the first year the lease was extended two years pursuant to the option; but the term of the lease, as so extended, had expired before this action was begun.

In June, 1919, H. S. Simmons for the first time learned from Mamadras that Zarthas claimed some interest under the lease, and that Zarthas "was a partner at the time," and "once after that Mamadras paid the rent." Simmons had seen Zarthas "there a time or two" before learning of Zarthas' interest in the lands. There was nothing to indicate, nor is it claimed that there was any conflict of interest between Mamadras and Zarthas; but, on the contrary, all appearances indicated that whatever interest Zarthas had, if any, was in harmony with the interest of Mamadras. Upon the expiration of the lease

Zarthas refused to quit, and, in the language of Simmons, "he says if we get him off the place that we have got to pay him seven thousand dollars." There was evidence of a lease to Mamadras and Lampros; and there was evidence from which the jury could have inferred that Zarthas at some time acquired an interest in the lease. When the lease expired Zarthas' interest expired. Having leased the premises from "H. S. Simmons, guardian," neither Mamadras nor Lampros could deny the right of "H. S. Simmons, guardian," to the possession of the premises upon the expiration of the lease; and since Zarthas acquired whatever right he had from Mamadras or from Lampros, or from both of them, he cannot deny what they could not have denied. There was sufficient evidence to support a finding by the jury that the plaintiff was entitled to the possession of the premises.

4. Our statute declares that—

"It shall be sufficient to state in the complaint a description of the premises with convenient certainty": Section 2535, Or. L.

Paragraph II of the complaint reads as follows:

"That the defendant Alex Zarthas is now in possession of certain land particularly described as follows: Approximately sixty (60) acres of land and buildings thereon, situate about one mile in a Northwesterly direction from St. Johns, Multnomah County, Oregon, on the Simmons Road and known as the 'Simmons Farm.'"

This is "a description of the premises with convenient certainty," especially when it appears, as it does here, that the premises have been known during the last forty years as the "Simmons Farm": *Bogard* v. *Barham*, 52 Or. 121, 124 (96 Pac. 673, 132 Am. St. Rep. 676); 19 Cyc. 1154. Moreover, the an-

swer specifically "admits paragraph II of plaintiff's complaint," so that it conclusively appears from the pleadings that both parties knew exactly what premises were referred to when the words "Simmons Farm" were used.

5. The defendant contends that it was not proper for "H. S. Simmons, guardian of the estate of Eva J. Simmons, an incompetent," to bring the action as plaintiff, but that it should have been brought by Eva J. Simmons by her guardian. We shall not attempt to decide whether, within the rule established in *Bellinger* v. *Thompson,* 26 Or. 320, 346 (37 Pac. 714, 40 Pac. 229), the defendant has waived his right to make this contention; but we will assume for the purposes of the discussion that the defendant properly raised and preserved the objection. Under the terms of Section 1319, Or. L., County Courts are given "power to appoint guardians to take care, custody, and management of the estates, real and personal, of all insane persons, idiots, and all who are incapable of conducting their own affairs * * ." Section 1321, Or. L., declares that—

"Every guardian so appointed for an insane person shall have the care and custody of the person of the ward, and the management of all his estate, until the guardian shall be legally discharged * * ."

The complaint avers that—

"The said plaintiff as guardian of the said incompetent person is entitled to the possession of the said premises."

The complaint makes it clear that the plaintiff is not seeking to recover possession in his individual capacity, but in his capacity as guardian of the estate of Eva J. Simmons, an incompetent.

There are some precedents which seem to hold that a guardian cannot in any case sue in his own name

on behalf of his ward, unless expressly authorized so to do by statute; but, although disagreeing as to the extent of the right, most of the judicial authorities concede that a general guardian is not without right to sue in his own name on behalf of his ward. Notwithstanding the contrariety of judicial opinion concerning the extent of the guardian's right to sue, it is generally held that when the guardian as such has the right of possession to property he may sue in his own name on behalf of the ward to recover possession, for the reason that an action to enforce the right of possession is in such a case an action to enforce a right vested in the guardian. Stated broadly, if the right sought to be enforced is vested in the guardian, he may sue in his own name on behalf of the ward; but if the right is one vested in the ward, for example, title to real property, the action must usually be brought in the name of the ward; Note in 11 Ann. Cas. 1092; 11 R. C. L. 1170; 12 R. C. L. 1146.

By force of the terms of our statute H. S. Simmons as guardian was entitled to the possession of the "Simmons Farm" upon the expiration of the lease; the action of forcible entry and detainer is a pure possessory action; and, since in the instant action the guardian is enforcing a right which is vested in him as guardian, he may maintain, this action in his own name on behalf of his ward: *Palmer* v. *Cheseboro,* 55 Conn. 114 (10 Atl. 508); *Cole* v. *Jerman,* 77 Conn. 374 (59 Atl. 425).

We do not find any reversible error in the record. The judgment must be affirmed.

AFFIRMED.   REHEARING DENIED.

BURNETT, C. J., and BENSON and McBRIDE, JJ., concur.