ELIZABETH LIBERTI *v.* JANET S. YORK, SUPERINTEND-
ENT OF THE CONNECTICUT STATE FARM FOR WOMEN

SUPERIOR COURT        NEW LONDON COUNTY        FILE No. 35212

Memorandum filed August 1, 1968

*Ralph E. Sluis* and *Howard A. Baran,* both of
Middletown, for the petitioner.

*Edmund W. O'Brien,* state's attorney, and *Robert
K. Killian,* attorney general, and *Stephen J. O'Neill,*
assistant attorney general, for the respondent.

DEVLIN, J. On May 5, 1967, the petitioner pleaded
guilty to one count of breach of peace; General Stat-
utes § 53-174; before the Circuit Court in Meriden
and was sentenced for an indefinite term to the Con-
necticut state farm for women.

The defendant claims the petitioner was com-
mitted under General Statutes § 17-360, which com-
mitment, in the case of women over sixteen years
of age, may be for an indefinite period but not to

exceed three years. The breach of the peace statute provides for a penalty of a fine of not more than $500 or imprisonment of not more than one year or both.

On November 15, 1967, petitioner was paroled, and on February 15, 1968, she was found in violation of parole and returned under the authority of the original sentence of May 5, 1967.

The petitioner contends that since the breach of peace statute has a maximum sentence of one year this is the limit of her commitment and a sentence under § 17-360 violates the equal protection clause of the United States constitution in that it provides for differential treatment in the case of adult males, who could be committed for no longer than one year. It is also claimed that under § 54-1a the Circuit Court can impose no greater punishment than . . . imprisonment for one year.

Recognition must be given to the fact that wide discretion is essential in enacting reasonable classifications for criminal penalties in promoting the safety and welfare of a state. But any such classification must have a legitimate basis for the purposes involved.

The state contends that the state farm for women is a correctional and not a penal institution, that its goals and the efforts of its staff are directed toward rehabilitation and training of its inmates, and that only those women may be committed to the institution who "in the opinion of the trial court will be benefited physically, mentally or morally by such commitment." This may be idealistically sound but it assumes that a greater period of restraint is necessary in the case of women and that they require a longer period of rehabilitation to again become useful members of society. Factually and statistically there is no basis for any such finding.

There is no reasonable basis for the claim that for the same offense, breach of the peace, women should be subjected to a possible three-year term where men are limited to one year. The sentence in this case is a discrimination against the petitioner which is in violation of the equal protection of the laws guaranteed by the fourteenth amendment, and the sentence given is one beyond the jurisdiction of the Circuit Court. General Statutes § 54-1a.

While the sentence is in excess of what the statute permits, it is not invalid in its entirety but only as to that portion which exceeds the statutory authority. *United States* v. *Pridgeon,* 153 U.S. 48, 62.

Judgment for the petitioner may enter in accordance with this opinion.