Donna Collins *v.* Janet S. York, Superintendent,
Connecticut State Farm for Women

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued January 8—decided February 3, 1970

*Walter H. Scanlon,* assistant chief prosecuting attorney, for the appellant (defendant).

*Richard T. Meehan,* chief public defender, for the appellee (plaintiff).

Alcorn, J. On September 19, 1967, the plaintiff, then a sixteen-year-old unmarried female, was presented in the Circuit Court and pleaded guilty to an information charging her with being in mani-

fest danger of falling into habits of vice in violation of § 17-379 of the General Statutes. She was represented in the proceedings by a Circuit Court public defender. On October 3, 1967, the Circuit Court committed her to an indeterminate term at the Connecticut State Farm for Women. No question was raised as to the jurisdiction of the court, and no appeal was taken. On June 27, 1968, she was paroled in the custody of her parents. On August 6, 1968, she was returned to the Connecticut State Farm for Women as a parole violator. By an application to the Superior Court dated October 3, 1968, signed by Richard T. Meehan, chief public defender of the Circuit Court, as her attorney, the plaintiff sought a writ of habeas corpus, alleging that her confinement at the Connecticut State Farm for Women was illegal "in that her incarceration for a period in excess of one year, is beyond the jurisdiction of the Circuit Court". The writ issued, the state's attorney for New London County appeared for the defendant, and, following a hearing, the court adjudged that the plaintiff be enlarged from custody unless, within fourteen days, an appeal was taken by the state.

The defendant, acting by the state's attorney, requested certification for an appeal pursuant to § 52-470 of the General Statutes. The court granted certification, and the present appeal was taken on behalf of the defendant by the state's attorney. Pursuant to a request for a finding and draft finding filed by the state's attorney, the court made a finding. The state's attorney has taken no further part in the appeal. An assignment of errors was filed by Walter H. Scanlon as assistant chief prosecuting attorney of the Circuit Court. The Superior Court file, which we judicially notice, discloses an appear-

ance filed by the state's attorney for New London County on behalf of the defendant on October 14, 1968, and an appearance for the defendant filed by Dennis F. Gaffney, as assistant chief prosecuting attorney filed on November 1, 1968. We understand Attorney Gaffney to be assistant chief prosecuting attorney of the Circuit Court. The appearances of the state's attorney and Attorney Gaffney have not been withdrawn. No appearance for the defendant has been filed, either in the Superior Court or in this court, by Walter H. Scanlon, assistant chief prosecuting attorney of the Circuit Court who has assumed to brief and argue the defendant's appeal.[1]

Section 54-81a of the General Statutes, as amended by No. 189 of the 1967 Public Acts, authorizes the judges of the Circuit Court to appoint public defenders to defend criminal cases in that court and provides that a public defender appointed by the judges of the Circuit Court may "represent indigent accused charged under the provisions of chapter 964 in application for writs of habeas corpus under the provisions of section 54-166". Chapter 964 of the General Statutes is the Uniform Criminal Extradition Act, and § 54-166 authorizes habeas corpus proceedings by persons arrested on an extradition warrant signed by the governor. Section 54-81a conferred no authority on a Circuit Court public defender, in his official capacity, to represent this plaintiff in this application for a writ of habeas corpus. We have recently commented on the anomaly created by § 54-81a, so far as it does purport to permit the limited appearance specified. *Ross* v. *Hegstrom,* 157 Conn. 403, 418, 254 A.2d 556.

---

[1] The rules concerning appearances (Practice Book §§ 42, 44) are not designed to alert this court to an attorney's failure to enter an appearance.

The application for a writ of habeas corpus which the chief public defender of the Circuit Court has filed purports to be at the relation of the plaintiff personally. Habeas corpus is a civil proceeding. As already related, the plaintiff is a minor, and it has long been the established practice, not only in this state but elsewhere, that a minor may bring a civil action only by a guardian or next friend. *Lametta* v. *Connecticut Light & Power Co.*, 139 Conn. 218, 220, 92 A.2d 731; *Tulin* v. *Tulin*, 124 Conn. 518, 522, 200 A. 819; *Cole* v. *Jerman*, 77 Conn. 374, 380, 59 A. 425; *Williams* v. *Cleaveland*, 76 Conn. 426, 431, 56 A. 850; *McCarrick* v. *Kealey*, 70 Conn. 642, 646, 40 A. 603; *Clark* v. *Turner*, 1 Root 200; 43 C.J.S., Infants, § 103; 42 Am. Jur. 2d, Infants, § 155; see *Judson* v. *Blanchard*, 3 Conn. 579, 584. The transcript of the proceedings in the Superior Court reveals that, at the outset of the hearing, the Circuit Court public defender stated to the court that the plaintiff's father and mother, who were present, "are opposed to this proceeding and would not have acted as guardians and next friend for the daughter in making this petition". Consequently, he suggested that the court appoint him as guardian ad litem, and the court indicated acquiescence, although no formal order of appointment appears. The Circuit Court chief public defender conceded in oral argument before us that it is his opinion as well as the opinion of the plaintiff's parents and of those in charge of the Connecticut State Farm for Women that the plaintiff's best interest would be served by further supervision. The trial court's memorandum of decision states that "the parents apparently feel that the child would be better protected by further supervision." The chief public defender represents to us, however, that, although he did not represent her

in the Circuit Court, the plaintiff sought his advice on her own initiative and that he felt obliged to make the application regardless of the unanimity of feeling, including his own, that it was not in the plaintiff's best interest to do so. On the plaintiff's motion, dated November 15, 1968, the Superior Court ordered her discharged from custody under bond pending this appeal, and we are told, in oral argument, that she is now married and pregnant. The circumstances strongly suggest that the officials of the Circuit Court who argue this appeal have the principal interest in the solution of the issue presented.

The bringing of the action for the minor without the aid of a prochein ami was, however, an amendable irregularity which could be waived. 43 C.J.S., Infants, §§ 108 (b), (d); 42 Am. Jur. 2d, Infants, §§ 165, 166. While a guardian ad litem is technically and usually a special guardian appointed to represent an infant defendant; *Clark* v. *Platt,* 30 Conn. 282, 285; 43 C.J.S., Infants, § 107; 42 Am. Jur. 2d, Infants, § 157; the trial court indicated a willingness to attempt a repair of the irregularity existing in this case by the appointment of such a guardian for the plaintiff. Since no objection is raised we will treat it as an adequate repair. *Apthorp* v. *Backus,* Kirby, 407; 410; see *Cole* v. *Jerman,* supra, 382.

The issue sought to be raised is that the Circuit Court did not have jurisdiction to commit the plaintiff to an indeterminate term at the Connecticut State Farm for Women pursuant to either § 17-379 or § 17-360 (now § 18-65) of the General Statutes and that the sentence imposed was, because of General Statutes § 54-1a, invalid as to the portion which exceeded the period of one year. In a habeas corpus proceeding based on federal constitutional claims it

is incumbent upon the plaintiff to allege in his petition and prove at the habeas corpus hearing that he did not knowingly and deliberately bypass the assertion of those claims in the orderly procedure of a direct appeal. *Fay* v. *Noia,* 372 U.S. 391, 439, 83 S. Ct. 822, 9 L. Ed. 2d 837; *Walters* v. *Warden,* 155 Conn. 316, 319, 232 A.2d 112; *Vena* v. *Warden,* 154 Conn. 363, 366, 225 A.2d 802. The jurisdictional question now raised for the first time clearly enough existed at the time of the disposition of the plaintiff's case in the Circuit Court, and no explanation is offered as to why it was not raised in an orderly appeal procedure at that time. The question of the jurisdiction of a court to impose custody or restraint upon an individual is, however, a recognized basis for a collateral attack on the judgment of the court by habeas corpus. *Reed* v. *Reincke,* 155 Conn. 591, 594, 236 A.2d 909. The question has been fully argued before us on facts concerning which there is no dispute, and, under all the circumstances, we have, with some hesitation, decided to disregard the irregularities in procedure. See *Kennedy* v. *Walker,* 135 Conn. 262, 266, 63 A.2d 589, aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715.

The plaintiff's claim, in brief, is that, pursuant to General Statutes § 54-1a,[2] the Circuit Court is without jurisdiction to commit a person presented

---

[2] "Sec. 54-1a. CRIMINAL JURISDICTION OF CIRCUIT COURT. The circuit court shall have jurisdiction of all crimes and of all violations of ordinances, regulations and bylaws of any town, city, borough, district or other municipal corporation or authority which are punishable by a fine of not more than one thousand dollars or imprisonment for not more than one year or both, except that in prosecutions under section 14-267 [operating overweight commercial vehicles] the circuit court may impose penalties as provided by said section, notwithstanding the limits of jurisdiction imposed herein. When any complaint for any offense punishable by either a fine of more than one thousand dollars or imprisonment for more than one year but not more than

before it to confinement for a period longer than one year, and consequently it is without power to impose the indeterminate commitment which might extend to three years as provided in General Statutes §§ 17-360[3] (now § 18-65) and 17-379.[4]

In the recent Superior Court case of *Liberti* v. *York*, 28 Conn. Sup. 9, 246 A.2d 106, and in the United States District Court case of *United States* v. *York*, 281 F. Sup. 8 (D. Conn.), General Statutes § 17-360 has been held to be unconstitutional. In both cases, the minor female was charged with having committed misdemeanors the maximum penalty for which, as provided by statute in each instance, was less than the possible three-year confinement author-

five years is legally brought before the court, it may either (a) upon recommendation of the prosecuting attorney or assistant prosecuting attorney, to be made in cases where the offense is of so aggravated a nature as to require a greater punishment than a fine of one thousand dollars or imprisonment for one year, conduct a hearing in probable cause, . . . or (b), if there is no such recommendation of the prosecuting attorney or the assistant prosecuting attorney, take jurisdiction of the crime alleged in the complaint and . . . if the accused is found guilty, impose no greater punishment than a fine of one thousand dollars or imprisonment for one year, or both. When any complaint for any offense punishable by imprisonment for more than five years is legally brought before the court, it shall conduct a hearing in probable cause . . . . When any complaint has been brought against any person who has attained the age of sixteen years but has not attained the age of eighteen years at the time the offense was committed, the circuit court may transfer such person from its jurisdiction to the jurisdiction of the juvenile court. . . ." (Only such parts as are material to the present case have been quoted.)

[3] "Sec. 17-360 [now § 18-65]. COMMITMENT. Women over sixteen years of age belonging to any of the following classes may be committed by any court of criminal jurisdiction to said institution: First, persons convicted of, or who plead guilty to, the commission of felonies; second, persons convicted of, or who plead guilty to, the commission of misdemeanors, including prostitution, intoxication, drug-using and disorderly conduct; third, unmarried girls between the ages of sixteen and twenty-one years who are in manifest danger of falling into habits of vice or who are leading vicious lives, and

ized by § 17-360. The court, in each of those cases, concluded, in substance, that, since adult males convicted of the same offenses as those charged against the minor girls were subject to a maximum imprisonment for a shorter term than that provided by § 17-360, the statute operated in a manner which violated the constitutional rights of the girls to the equal protection of the law. In *Bourgoyne* v. *York,* 28 Conn. Sup. 424, 425, 265 A.2d 344, the crime charged involved a possible maximum penalty of three years and the Superior Court held that, since the Circuit Court could not impose a criminal sentence exceeding one year, the indeterminate commitment was invalid beyond that maximum. In the

who are convicted thereof in accordance with the provisions of section 17-379; fourth, women sentenced to jails. Only such offenders may be committed to said institution as in the opinion of the trial court will be benefited physically, mentally or morally by such commitment, and, immediately upon commitment, a careful physical and mental examination, by a competent physician, shall be made of each person committed. The court imposing a sentence on offenders of any class shall not fix the term of such commitment. . . . The duration of such commitment, including the time spent on parole, shall not exceed three years, except when the maximum term specified by law for the crime for which the offender was sentenced exceeds that period, in which event such maximum term shall be the limit of detention under the provisions of this chapter, and, in such cases, the trial court shall specify the maximum term for which the offender may be held under such commitment."

[4] "Sec. 17-379. COMMITMENT OF GIRLS OVER SIXTEEN. Any unmarried female between the ages of sixteen and twenty-one years who is in manifest danger of falling into habits of vice, or who is leading a vicious life, or who has committed any crime, may, upon the complaint of the prosecuting attorney of the circuit court, be brought before said court for the circuit within whose jurisdiction she resides or is found, and, upon conviction thereof, may be committed, until she has arrived at the age of twenty-one years, to the custody of any institution, except Long Lane School, chartered by the general assembly or incorporated under the general laws for the purpose of receiving and caring for females who have fallen into or are in danger of falling into vicious habits."

present case the plaintiff was not charged, in the Circuit Court, with having committed any crime. She was charged, instead, with being in "manifest danger of falling into habits of vice." That is the only portion of either §§ 17-360 or 17-379 with which we are concerned on this appeal. That portion of the statutes obviously relates to minor females who are in a category distinct from those charged with having committed a crime. Where, as here, the parts of a statute are independent and severable, the unconstitutionality of one part need not impair the other. *State* v. *Miller,* 126 Conn. 373, 379, 12 A.2d 192. A statute may operate constitutionally under one set of circumstances but not under another. *State* v. *Doe,* 149 Conn. 216, 230, 178 A.2d 271; *State* v. *Sul,* 146 Conn. 78, 81, 147 A.2d 686. The constitutionality of legislation must be tested by its effect on the one who complains of it and under the circumstances affecting him. *Troiano* v. *Zoning Commission,* 155 Conn. 265, 269, 231 A.2d 536; *State* v. *Sul,* supra. Since no claim is made that any constitutional right of this plaintiff has been violated, we are not called upon to consider, nor do we consider, the constitutionality of the action of the Circuit Court which forms the basis of this appeal.

Nor is there any necessity in the present case for discussing whether § 17-379 is a penal statute or whether the Connecticut State Farm for Women should be classified as a penal institution, a question similar to that concerning the Connecticut School for Boys which was presented in the case of *In re Appeal of Bailey,* 158 Conn. 439, 262 A.2d 177. The question in the present case is whether, regardless of the nature of the institution, the Circuit Court had jurisdiction to commit the plaintiff to that institution.

We turn, then, to the narrow issue presented, namely, whether the Superior Court erred in concluding that the Circuit Court was without jurisdiction to commit this plaintiff to the Connecticut State Farm for Women for an indeterminate term which might extend to three years. In view of our conclusion on that question it is unnecessary to discuss the further issue as to whether, if the commitment was illegal, it was valid at least to the extent of one year.

The answer lies in the meaning of §§ 17-360 (now § 18-65), 17-379, and 54-1a of the General Statutes. The Connecticut State Farm for Women was established by chapter 358 of the Public Acts of 1917. Section 9 of that chapter does not differ in any particular which is material to the present controversy from the language of what is now § 17-360 (§ 18-65). Section 17-360 (as amended by Public Acts 1959, No. 28 § 201, effective January 1, 1961), which we have set forth in footnote 3, provides for a commitment *"by any court of criminal jurisdiction."* (Emphasis added.)

Section 17-379, which is set forth in footnote 4, first appeared as chapter 233 of the Public Acts of 1905. The statute, as adopted in 1905, provided that: "Any unmarried female between the ages of sixteen and twenty-one years who is in manifest danger of falling into habits of vice, or who is leading a vicious life, may, upon the complaint of a grand juror, or of the prosecuting attorney of any town, city, or borough court, be brought before a justice of the peace, or the town, city, or borough court within whose jurisdiction she may reside or be found, and upon conviction thereof may be committed to the custody of any institution, except the Connecticut Industrial School for Girls, chartered by the general

assembly of this state for the purpose of receiving and caring for females who have fallen into, or are in danger of falling into vicious habits, until she shall have arrived at the age of twenty-one years."

In its original form therefore the statute concerned itself only with a girl found, as the plaintiff was, to be "in manifest danger of falling into habits of vice, or who is leading a vicious life." The statute remained in that form, with minor changes not now material, until 1951, when § 576b of the 1951 Supplement added to the category of those who might be committed, a girl "who has committed any crime." Cum. Sup. 1955, § 1568d. The statute continued in this form, substantially unchanged, until 1959.

In 1959, the Circuit Court was created to assume the judicial functions of justices of the peace and town, city and borough courts. Public Acts 1959, No. 28. Section 168 of that act amended the then existing statute which provided for a complaint by "a prosecuting grand juror or of the prosecuting attorney of any town, city or borough court," and that the person complained against "be brought before a trial justice, or the town, city or borough court" to provide for a complaint by "the prosecuting attorney of the Circuit Court," and that the person complained against "be brought before said court".

When the Circuit Court was established by No. 28 of the 1959 Public Acts, the statutes which we now know as §§ 17-360 (§ 18-65) and 17-379 had been, as already indicated, a part of the statute law of Connecticut for many years. In the act creating the Circuit Court, the General Assembly provided in Public Acts 1959, No. 28 § 25 that the Circuit Court should have jurisdiction of all crimes and local offenses punishable by a maximum fine of $500 or a

maximum imprisonment of one year or both and that, in the case of a crime carrying a maximum penalty of a fine of $1000 or imprisonment for five years or both, the court could take jurisdiction if it concluded that no greater penalty than it could impose should be inflicted, otherwise it must bind the accused over to the court having jurisdiction. That jurisdiction, as amended, continues as part of what is now § 54-1a of the General Statutes (as amended by Public Acts 1967, No. 630 § 12, effective June 22, 1967), the material part of which is set forth in footnote 2. The Superior Court has sole jurisdiction of any offense not within the exclusive jurisdiction of the Circuit Court. It has concurrent jurisdiction with the Circuit Court of any offense which is within the jurisdiction of the Circuit Court. General Statutes § 54-17.

The plaintiff asserts that § 54-1a limits the jurisdiction of the Circuit Court to the imposition of a maximum sentence of one year and that consequently the court does not have jurisdiction to impose the indeterminate sentence provided in § 17-379. The Circuit Court is one of the lower courts which the General Assembly may create; *Adams* v. *Rubinow,* 157 Conn. 150, 156, 251 A.2d 49; and the powers and jurisdiction of which it may define. Conn. Const., art. 5 § 1. The question as to what jurisdiction has been conferred on the Circuit Court by the General Assembly, therefore, is answered by determining the intent of the General Assembly as found in the meaning of what it has said in General Statutes §§ 54-1a, 17-360 and 17-379. *Adams* v. *Vaill,* 158 Conn. 478, 483, 262 A.2d 169. If the statute through which the General Assembly speaks is not ambiguous it is not to be modified by construction. *Little* v. *United Investors Corporation,* 157 Conn.

44, 48, 245 A.2d 567; *Hurlbut* v. *Lemelin*, 155 Conn.
68, 73, 230 A.2d 36. Here, the General Assembly,
in one and the same act, namely, Public Acts 1959,
No. 28, has provided, in § 25, for a criminal juris-
diction of the Circuit Court then limited to a maxi-
mum fine of $500 or a maximum imprisonment of
one year, or both; in § 168, that that court may
commit any unmarried female between the ages of
sixteen and twenty-one years who is in manifest
danger of falling into habits of vice or who is lead-
ing a vicious life to the custody of any institution,
except Long Lane School, chartered by the General
Assembly or incorporated under the general laws
for the purpose of receiving and caring for females
who have fallen into or are in danger of falling into
vicious habits; and, in § 201, it reenacted, with an
amendment not now material, § 17-360 (§ 18-65), set
forth in footnote 3, providing for the commitments
described by *"any court of criminal jurisdiction"*.
(Emphasis added.)

In other words, in the same session, and in the
same legislative act, the General Assembly created
the Circuit Court, defined its jurisdiction, and pro-
vided for commitments to the Connecticut State
Farm for Women as set forth in the sections we
have discussed. "There is a presumption that the
legislature, in enacting a law, did so in view of exist-
ing relevant statutes and intended it to be read with
them so as to make one consistent body of law."
*Hurlbut* v. *Lemelin*, supra, 74; *Adams* v. *Vaill*,
supra. This is particularly so when all statutes
are dealt with in the same session. *Hurlbut* v.
*Lemelin*, supra; *Knights of Columbus Council* v.
*Mulcahy*, 154 Conn. 583, 590, 227 A.2d 413. It is
abundantly clear that the express intention of the
General Assembly in creating the Circuit Court was

to confer upon it the criminal jurisdiction defined in § 54-1a and, in the case of minor girls described in §§ 17-360 (now § 18-65) and 17-379, to confer upon the Circuit Court the jurisdiction which, for over fifty years, had resided in justices of the peace and in the town, city or borough courts.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.