This is a suit wherein the plaintiff seeks to recover from the defendant, at the rate prescribed by statute, the per pupil cost rate for a pupil for the period when she was enrolled in the plaintiff's program of special education. The plaintiff alleges that the defendant is "the town from which such child came and under whose jurisdiction *Page 317 
such child would otherwise be attending school if not placed in The Children's Center" as set forth in § 10-94c of the General Statutes.
The defendant has pleaded a special defense asserting that the defendant's board of education has never identified the child in question as one requiring special education and has never determined her eligibility for it under § 10-76d of the General Statutes and that, consequently, the defendant is not liable to the plaintiff for any charges.
The plaintiff has demurred to the special defense on the ground that neither action by the defendant's board of education as set forth therein is necessary under § 10-94c in order for the defendant to be liable to the plaintiff.
In the court's opinion the provisions of § 10-94c are clear and they provide that when the welfare commissioner, as was the case here, places an eligible child in the plaintiff institution, the town from which the child comes shall pay the established per pupil cost rate to the plaintiff.
While it is true that § 10-76d provides that a board of education shall "identify each such child within its jurisdiction" and "determine the eligibility of such children for special education," these provisions must be read in reference to the General Statutes as a whole. Every part of the General Statutes should, if possible, be interpreted to create one consistent body of law. Collins v. York, 159 Conn. 150,162.
In this instance the words "under whose jurisdiction such child would otherwise be attending school if not placed in The Children's Center," in § 10-94c, can be interpreted to mean that the jurisdiction of the child was with the welfare department and that the commissioner, under the powers given him by *Page 318 
§§ 17-2 and 17-32 of the General Statutes, could determine the eligibility of the child for special education. Note especially the use of the word "otherwise" in the statute.
If, by fair interpretation, a court can find a reasonable field of operation for two statutes without destroying or perverting their evident meaning and intent, they should be accorded a concurrent effect.Knights of Columbus Council v. Mulcahy, 154 Conn. 583,590.
 The demurrer is sustained.