[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The present action was instituted by the defendant to recover damages for personal injuries sustained by the plaintiff, in minor, as a result of an automobile accident. The summons list the plaintiff as the named party and does not state that the action is brought on behalf of her next friend. However, the first paragraph of the complaint states "The plaintiff, Mindy Natale, is a minor and brings this action by Linda Carlucci, her mother and next best "after friend". The defendant has moved to dismiss the action on the grounds that the summons was defective inasmuch as suits by a minor must be instituted by a guardian or next best friend. Within 30 days after the return day the plaintiff filed a request for relief to amend the complaint stating that the action was brought by Linda Carlucci as mother and next best friend of the plaintiff.
"The bringing of an action for the minor without the aid of a prochein ami was, however, an amendable regularity which could be waived." Collins v. York, 159 Conn. 150, 154 (1970). "The bringing of an action by an infant without representation by a legally authorized person is an irregularity which may be cured by a subsequent appointment of a next friend or guardian ad litem to CT Page 5017 prosecute the action and by amending the pleadings accordingly." 42 Am.Jur. 2nd, Infants 166/
Accordingly, the Motion to Dismiss is denied.
RUSH, J.